**A. Edward EZOR, Plaintiff–Appellant,**

v.

**Eli MORGENSTERN; et al.,
Defendants–Appellees.**

No. 16–56720

United States Court of Appeals,
Ninth Circuit.

Submitted September 26, 2017 *

FILED OCTOBER 4, 2017

A. Edward Ezor, Pasadena, CA, pro se.

Erika Doherty, Mark Torres–Gil, Suzanne Grandt, State Bar of California Office of the General Counsel, San Francisco, CA, Sarah Lee Overton, Cummings, McClorey, Davis, Acho & Associates, P.C., Riverside, CA, for Defendants–Appellees.

Before: SILVERMAN, TALLMAN, and N.R. SMITH, Circuit Judges.

MEMORANDUM **

A. Edward Ezor appeals pro se from the district court's judgment dismissing his 42 U.S.C. § 1983 action challenging his California State Bar disbarment proceedings. We have jurisdiction under 28 U.S.C. § 1291. We review de novo a dismissal under the *Rooker–Feldman* doctrine. *Noel v. Hall*, 341 F.3d 1148, 1154 (9th Cir. 2003). We affirm.

The district court properly concluded that it lacked subject matter jurisdiction under the *Rooker–Feldman* doctrine because Ezor's action amounted to a forbidden "de facto appeal" of a prior, final state court judgment. *Id.* at 1163; *Bianchi v. Rylaarsdam*, 334 F.3d 895, 901–02 (9th Cir. 2003) (constitutional claim against state court judge for bias was "inextricably intertwined" with the state court's decision, and thus beyond the federal court's subject matter jurisdiction). Contrary to Ezor's contention, the extrinsic fraud exception to the *Rooker–Feldman* doctrine does not apply because the alleged fraud was litigated in the state action. *See Reusser v. Wachovia Bank, N.A*, 525 F.3d 855, 859–60 (9th Cir. 2008) (*Rooker–Feldman* doctrine bars a claim of extrinsic fraud if the alleged fraud has been separately litigated in a state action).

The district court did not abuse its discretion by dismissing the action without leave to amend because amendment would be futile. *See Lopez v. Smith*, 203 F.3d 1122, 1130 (9th Cir. 2000) (standard of review).

The district court did not abuse its discretion in denying Ezor's motion to recuse Magistrate Judge Rosenberg. *See United States v. Johnson*, 610 F.3d 1138, 1147–48 (9th Cir. 2010) (setting forth standard of review and grounds for recusal).

We do not consider matters not specifically and distinctly raised and argued in the opening brief, or arguments and allegations raised for the first time on appeal. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.